IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Case No. CV-98-0406-E-BLW |
| Plaintiff, ) | |
| ) | **MEMORANDUM DECISION** |
| v. ) | **AND ORDER** |
| ) | |
| FMC CORPORATION ) | |
| ) | |
| ) | |
| Defendant. ) | |
| _____) | |

## INTRODUCTION

The Court has before it FMC's motion to stay.  The Court heard oral argument on May 10, 2006, and granted the motion for a limited period of time until the Court can review the Tribes' briefing.  The Court explained its decision on the record, and this decision will supplement that ruling.

## ANALYSIS

In its decision of March 6, 2005, the Court interpreted the Consent Agreement to require FMC to proceed through the Tribes' permit process.  FMC has appealed that decision to the Ninth Circuit, where it will argue that the Agreement does not require it to obtain Tribal permits.

In the meantime, however, FMC was compelled by the Court's decision to

**Memorandum Decision and Order – Page 1**

seek Tribal permits, and it complied with that direction.  The Tribes responded by granting a permit on the condition that FMC elect either (1) to ratify the Agreement and pay a $1.5 million fee, or (2) reject the Agreement and pay a weight-based fee that could exceed $100 million.  The Tribes required FMC to make its election on or before May 10, 2006.

FMC responded by moving to stay the Tribes' decision.  The Tribes are an intervenor in this suit and hence subject to this Court's jurisdiction.  The Tribes obtained an order from this Court compelling FMC to proceed through the Tribal permit process, and FMC has appealed that decision.  This Court retains authority under Rule 62(c), to enjoin the Tribes from taking any action that would prejudice the rights of any party during the pendency of an appeal.  The election mandated by the Tribes will prejudice the rights of FMC regardless of which option FMC elects.

If FMC elects the lower fee, it must ratify the Agreement and hence abandon its argument – pursued here and at the Circuit – that it is not subject to the Agreement.  If instead, FMC elects the higher fee, it will pay an astronomical sum that would stagger even the largest corporation with no assurance that it could recover the money if it eventually prevails on appeal.

The Tribes point out that they did not have to offer FMC the lower fee

**Memorandum Decision and Order – Page 2**

alternative, implying that they are doing FMC a favor.  That might be true if the large fee could be stayed or recovered.  However, that is apparently not the case.[1]  By not allowing the large fee to be stayed or recovered, the Tribes' election "opportunity" actually steers FMC into electing the small fee and abandoning its legal challenge in this case.  That is not what the Court intended when it granted the Tribes' motion to clarify.

The Court shall therefore enjoin the Tribes from enforcing the May 10, 2006, deadline for the election and payment.  The injunction will be in effect until the Court has had an opportunity to review the Tribes' briefing.  The Court will not require any bond due to the short nature of the injunctive relief granted here.

The Tribes shall file their brief on or before May 19, 2006, and have a page limit of 30 pages.  FMC shall file a final reply brief on or before May 26, 2006, and shall have a page limit of 20 pages.  The Court will resolve the matter on the briefs unless the Court finds that additional oral argument would be helpful.

The Court's statements herein are provisional because briefing is not complete.  The Court may, after review of the briefing, revise its analysis, and thus

---

[1] The Court would appreciate counsel addressing this point in the briefing.  While the Tribes argued that FMC could have sought to enjoin the Tribes' decision under Tribal laws similar to Rule 65, the Tribes' counsel candidly admitted that FMC would not prevail in that attempt.  Moreover, the Court is more concerned about the lack of any opportunity for FMC to obtain a stay of payment pending appeals.  In other words, the Court needs to know if the Tribes have rules similar to Rule 62 rather than Rule 65.

**Memorandum Decision and Order – Page 3**

this decision has no precedential value.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to stay (docket no. 104) is GRANTED as set forth above.

DATED: **May 17, 2006**

B. LYNN WINMILL
Chief Judge
United States District Court