IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>v.<br><br>FMC CORPORATION,<br><br>        Defendant. | Case No. CV-98-0406-E-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

# INTRODUCTION

The Court has before it further briefing on FMC's motion to stay and a separate motion for clarification. The Court earlier granted a stay for a limited period of time pending further briefing. Those briefs have now been received and the matter is at issue. For the reasons expressed below, the Court will lift the stay previously granted and deny FMC's motions. This decision will assume the parties are familiar with the facts.

# ANALYSIS

**1.  Motion to Stay**

In its decision of March 6, 2006, the Court interpreted the Consent Agreement to require FMC to proceed through the Tribes' permit process. FMC

**Memorandum Decision and Order – Page 1**

has appealed that decision to the Ninth Circuit, where it will argue that the Agreement does not require it to obtain Tribal permits.

In the meantime, however, FMC was compelled by the Court's decision to seek Tribal permits, and it complied with that direction. As FMC was proceeding through that process, the Tribes' counsel told FMC's counsel that the Tribes were imposing a deadline on FMC of May 10, 2006, to elect either (1) to drop its appeal and pay a $1.5 million fee, or (2) if it wanted to maintain its appeal, to pay a weight-based fee that could exceed $100 million. *See Palumbo Declaration* at pp. 2-3.

The Tribes did not specify a precise figure for the weight-based fee, stating only that "the permit fee will be calculated according to the Tribes' land use laws and regulations . . . ." *See Land Use Planning Council Decision* at p. 5. In his Declaration, FMC's counsel stated that the Tribes' counsel gave a rough estimate that the fee could be $5 per ton of waste. *See Palumbo Declaration* at p. 3. Rob Hartman, FMC's Vice-President, submitted his Declaration setting forth the approximate weight of potential waste materials and estimating, based on the $5 per ton fee, that the permit would cost about $110,000,000. *See Declaration of Hartman* at p. 2. The Tribes assert that they cannot challenge Hartman's estimate – and calculate a precise permit fee – until FMC identifies the type and quantity of

**Memorandum Decision and Order – Page 2**

its waste, information that the Tribes have requested but never received.

The dispute came to a head as the May 10th deadline approached. FMC sought to stay the Tribes from enforcing the deadline, and the Court granted that motion until it could review further briefing. That briefing has now been received and reviewed by the Court. The Court finds that it has jurisdiction over the Tribe by virtue of the fact that the Tribe intervened in this case and obtained an order requiring FMC to pursue the Tribal permit process.

FMC's motion to stay was narrow in scope. It was brought under Rule 62(c), and urged the Court to modify its earlier decision – compelling FMC to obtain Tribal permits – to "prevent the Tribes from depriving FMC of its rights to challenge the Special Use permit in the Tribal system and the federal courts." *See FMC Brief* at p. 1.

FMC argued that because the Tribes were about to impose a $100 million fee with no provision for seeking a stay of payment pending appeals, FMC was being strong-armed by the Tribes' quick deadline (which would expire before the Tribe even imposed the fee) into choosing the option involving the dismissal of their appeal. The Court agreed and issued a limited stay. The Court was especially concerned with FMC's representation that no stay provision existed in the Tribal system, and with the representation of the Tribes' counsel that any fee payment

**Memorandum Decision and Order – Page 3**

made by FMC would probably be non-refundable.  *See Transcript of May 10, 2006, Hearing* at p. 33.

Given the narrow basis of FMC's motion, the only question before the Court is whether the Tribal system has a provision for staying payment of the fee pending appeals.  If it does, FMC must exhaust that process, according to the Court's earlier decision.

The Court finds that the Tribes do offer a process for obtaining a stay.  The Tribes' counsel represented to this Court that "FMC could seek relief directly from the Fort Hall Business Council, asking the Council to stay the payment of the permit fee."  *See Tribes' Brief* at p. 7.  The Court understands FMC's argument that nothing in the Tribal laws or regulations specifically spells this out, but the Tribes' counsel is an officer of this Court, and his representation is sufficient to establish that FMC may seek a stay from the Business Council.

FMC responds that it would be futile to go before the Business Council because the Tribes' counsel has stated that he does not think FMC can satisfy the requirements for a stay.  It is not his decision to make, however, and thus his statement does not establish futility.

In its motion, FMC asserts that it will be irreparably injured because the Tribes are "wielding substantial financial pressure to coerce FMC into waiving its

**Memorandum Decision and Order – Page 4**

right to appeal." *FMC's Brief* at p. 10.  However, because FMC may seek a stay in the Tribal system, and may appeal any denial to this Court, FMC's central argument is no longer persuasive.

Pursuant to the same analysis contained in the Court's decision of March 6, 2006, FMC must exhaust its request for a stay of any fee payment through the Tribal system.  Given this, the Court cannot discern any reason to modify its earlier decision as FMC requested in its narrowly-based motion to stay brought under Rule 62(c).

The Court will therefore lift the stay previously granted, and direct FMC to exhaust its Tribal remedies.  FMC has stated that it is willing to provide the Tribes with information on the wastes so long as the provision of that information is not deemed a waiver of any legal rights, including the right to object to the Tribal permit process.  The Court agrees that it is not a waiver of any rights and this should satisfy FMC's concerns.

The Court therefore anticipates that FMC will provide the necessary information, and the Tribes will set a permit fee.  After exhausting Tribal appeals on both the merits of the fee and any application for stay, FMC may, if necessary, present the issues to this Court for resolution.

**Memorandum Decision and Order – Page 5**

**2.    Motion to Clarify or Reconsider**

FMC asks the Court for an answer to the following question: "Did the Court intend FMC to present its objections to the Tribes' jurisdiction to the tribal forums for exhaustion of tribal remedies prior to a final federal court decision on the jurisdictional issue?"

The short answer is no.  Relying on the record as it stood – that is, with no discovery – FMC challenged the Tribe's jurisdiction in this Court.  At the same time, FMC sought to reserve the right to do discovery on the jurisdictional issue and to raise the issue again after that discovery was completed.

The Court rejected FMC's challenge on the present record.  The Court did not rule on their oral request for discovery because the Court had directed FMC to exhaust the Tribal permit process.  Once that exhaustion is complete, FMC can return to this Court and file a motion requesting further discovery on the jurisdictional issue.

Given the Court's negative answer to FMC's question, FMC seeks reconsideration.  The Court declines the invitation.  FMC cannot ask the Court for a ruling on the present record and then, when the ruling goes against them, seek reconsideration of the ruling on the ground that the record is not complete.  FMC did reserve the right to complete the record in the event the Court found the Tribe

**Memorandum Decision and Order – Page 6**

had jurisdiction, and the Court has recognized that reservation (although not the right to do discovery, an issue that FMC must raise by motion, as discussed above, and exhaustion of the Tribal permit process).  But it was FMC that wanted a ruling on jurisdiction pre-discovery, and they cannot now seek reconsideration of that ruling on the ground that the record is incomplete.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to stay (Docket No. 104) and motion for clarification (Docket No. 95) are DENIED and the stay issued previously (Docket No. 114) is LIFTED.

DATED: **December 1, 2006**

_____
Honorable B. Lynn Winmill
Chief U. S. District Judge